UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY RAY KIDWELL, TANA KIDWELL,
TOM HUBBERT and LINDA HUBBERT,

    Plaintiffs,

v.                                                  Case No: 2:13-cv-536-FtM-38DNF

MICKY ARISON and CARNIVAL
CORPORATION,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Review of the Plaintiffs, Billy Ray Kidwell, Tana Kidwell, Tom Hubbert and Linda Hubbert's Complaint (Doc. #1) filed on July 18, 2013. The Plaintiffs filed a seventy-five (75) page Complaint suing a host of defendants from the Center for Disease Control in Atlanta, United States District Court Judge for the Southern District of Florida, James I. Cohn, United States Magistrate, Judge Barry S. Seltzer, of the Southern District of Florida, the law firm of Foreman and Friedman, PA., Attorney Catherine J. MacIvor, Attorney Aleksey Shtivelman, Attorney Brian H. McGuire, Micky Arison, CEO of Carnival Cruise Lines, and Carnival Cruise Lines.

The Plaintiffs allege jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1983, and the First, Fifth and Fourteenth Amendments to the United States Constitution. The Plaintiffs state that the venue resides in the Middle District of Florida, Fort Myers Division because he and the other Plaintiffs live in the area and they are too old and in poor health to travel to another court.

Venue is based "where any defendant resides, if all defendants reside in the same state [or where] a substantial part of the events or missions giving rise to the claim occurred." Long v. Sports44.com, Inc., 2007 WL 3072405 * 5 (M.D. Fla. October 19,2007)(citing28U.S.C.§1391(b)).  Venue is proper in a civil action not founded solely on diversity only in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claims occurred; or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). If the court concludes that venue is improper, it must either dismiss the case or, in the interests of justice, transfer the case to "any district or division in which it could have been brought." Reyes v. JA & M Developing Corp., 2012 WL 3562024 *3 (S.D. Fla. August 17,2012) (*citing* 28 U.S.C. § 1406(a)). Transfer in the interests of justice is discretionary in the Eleventh Circuit. *See* Pinson v. Rumsfeld, 192 Fed. Appx. 811, 817 (11th Cir.2006) ( *citing* Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 985 (11th Cir.1982)) (noting the Eleventh Circuit has only required transfer under § 1406(a) in the "limited situation when a party was directed by a government official to file in the incorrect court and the case was time-barred").

  The allegations of the Complaint reflect that one of the Defendants, CDC, resides in Atlanta Georgia, while the others reside in Fort Lauderdale and Miami, Florida, which are in the Southern District of Florida, and all of the events giving rise to the Plaintiffs' alleged claims occurred in Miami-Dade County, Florida.  This case should have been filed in the United States District Court for the Southern District of Florida, Miami Division.  The Complaint is filed in the wrong venue and the Court does not find that a

transfer would be in the interest of justice based upon the pleadings filed by the Plaintiff. Therefore, the Complaint is due to be dismissed without prejudice to allow the Plaintiffs to file in the proper venue.

Accordingly, it is now

**ORDERED:**

The Plaintiffs, Billy Ray Kidwell, Tana Kidwell, Tom Hubbert and Linda Hubbert's Complaint (Doc. #1) is **DISMISSED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of July, 2013.

/s/ Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record